IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF NEW MEXICO

| | |
|---|---|
| DEREK HAMILTON, an individual, | §§§§ |
| Plaintiff, | § Civil Action No.: 1:13-cv-00018 |
| vs. | §§§ |
| MICHAEL ALLEN, an individual, and PRICE TRUCK LINE, INC., a foreign corporation, | §§§§ |
| Defendant. | § |

**COMPLAINT FOR PERSONAL
INJURIES (MVA) AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiff Derek Hamilton (hereinafter referred to as "Plaintiff" or "Mr. Hamilton"), complaining of and about Defendants Michael Allen and Price Truck Line, Inc., (hereinafter referred to as "Defendant Price"), and for his causes of action would show unto the Court that this matter arises from a motor vehicle accident occurring in Las Vegas, New Mexico, on January 31, 2011, in which Plaintiff suffered bodily injuries and property damage.

**JURISDICTION AND VENUE**

1. This action is brought and jurisdiction lies with this Court pursuant to 28 U.S.C. §1332, as there is complete diversity among the parties and the amount in controversy exceeds $75,000.

1

2. Venue is proper in this Court because the Plaintiff resides in the City of Albuquerque, State of New Mexico and in this District.

**THE PARTIES**

4. At all times material to this action, Plaintiff Derek Hamilton was a resident of Albuquerque, New Mexico, County of Bernalillo.

5. Plaintiff is informed and believes and thereon alleges that at all times material to this action Defendant Michael Allen was and is a resident of Wichita, Kansas, County of Sedgwick.

6. Plaintiff is informed and believes and thereon alleges that Defendant Price Truck Line, Inc., is a Kansas Corporation authorized to do business and doing business in the State of New Mexico.

**GENERAL FACTUAL ALLEGATIONS**

7. On January 31, 2011, Mr. Hamilton was driving a flat bed semi truck with attached trailer bearing New Mexico license plate number IRG2120.

8. On that date, at approximately 5:30 p.m., Mr. Hamilton was driving his truck southbound in the right hand lane on Interstate 25 in Las Vegas, New Mexico, near mile post 345.

9. At that date and time it was snowing and the roadway of Interstate 25 was snow packed and icy.

10. As Mr. Hamilton drove he observed ahead on the highway a stalled vehicle facing oncoming traffic in the passing lane.

11.     At that time another vehicle in the right lane slowed to a stop in front of Mr. Hamilton.

12.     Mr. Hamilton also slowed and moved his truck toward the median away from the stopped vehicles.

11.     At that time Defendant Michael Allen was also driving a semi-truck with trailer bearing Kansas license plate number PWR85294.

12.     Plaintiff is informed and believes and thereon alleges that the truck being driven by Defendant Allen was owned by Defendant Price. Plaintiff is further informed and believes and thereon alleges that the truck and trailer were entrusted to Defendant Allen by Defendant Price either by an employee/employer relationship or by some other form of permissive use arrangement or agreement. Thus, Plaintiff asserts that Defendant Price is vicariously liable for the actions of Defendant Allen.

13.     At that time and place Defendant Allen was driving behind the truck being driven by Plaintiff Hamilton also headed southbound on Interstate 25 in Las Vegas, New Mexico, near mile post 345.

14.     As Plaintiff Hamilton slowed his truck Defendant Allen attempted to move around Mr. Hamilton's truck but collided with the end of Plaintiff's truck and trailer causing Mr. Hamilton's truck to be pushed sideways across Interstate 25 and causing Mr. Hamilton's truck to "jackknife" causing substantial damages to Mr. Hamilton's truck and trailer and causing bodily injury to Mr. Hamilton.

15. Plaintiff asserts that at that time and place Defendant Allen did negligently and recklessly operate the truck owned by Defendant Price when he was driving at speed that was too fast and unsafe for the hazardous conditions present at the time of the accident thereby causing the truck he was driving on behalf of Defendant Price to violently collide into the rear end of Plaintiff's truck and trailer.  By negligently entrusting their vehicle to Defendant Allen, Defendant Price caused severe bodily injury to Plaintiff as described more fully below.

## COUNT 1
### (Negligence; Gross Negligence; Negligent Entrustment)

COMES NOW Plaintiff Derek Hamilton, and for his cause of action against Defendants states and alleges as follows:

16. Plaintiff incorporates the foregoing paragraphs by reference as if stated fully herein.

17. Defendant Michael Allen owed a duty to Plaintiff to operate the semi-truck and trailer he was driving in a safe and attentive manner. Plaintiff alleges that Defendant Allen failed in this duty by his negligent and reckless operation of the truck.  Plaintiff further alleges that Defendant Allen was inattentive and failed to maintain a proper lookout and that he was driving too closely behind to Plaintiff's truck and trailer.  Plaintiff further alleges that Defendant Allen was driving at an unsafe speed in inclement weather.  As a result, Defendant Allen collided with Plaintiff.

4

18. Defendant Price Truck Line, Inc. as owner of the truck and tractor driven by Defendant Allen, owed a duty to Plaintiff to ensure the safe operation of its truck by persons whom it allowed and entrusted to drive its vehicle. Plaintiff alleges that Defendant Price failed in this duty and that it was negligent and reckless in the entrustment and supervision of Defendant Allen's operation of the truck thereby causing the collision with Plaintiff. Therefore, Defendant Price is vicariously liable for the injuries and damages caused to Plaintiff.

19. As a result of Defendants' negligence, gross negligence and reckless disregard and the impact from the ensuing collision, Plaintiff Derek Hamilton suffered severe and disabling injuries to his body including a fracture his right ankle and damage to his spine. Plaintiff suffered and will continue to suffer excruciating pain, agony, and mental anguish. As further result of Defendants' negligent, grossly negligent and/or reckless acts, Plaintiff has suffered a loss of enjoyment of life and a loss of household services.

20. As a direct and proximate result of the Defendants' aforesaid negligent, grossly negligent, or reckless acts, Plaintiff has and will require intense and ongoing medical attention and therapy. Further, Plaintiff has suffered emotional and psychological injury. Plaintiff has and will continue to employ physicians and other medical care and has and will continue to incur medial and other reasonable expenses necessary for such past and present medical care and treatment all to his damage and loss in an amount to be established

5

by the evidence at trial.

21. As a further proximate result of the aforesaid acts of the Defendants, Plaintiff has incurred medical, therapeutic, and other medically related expenses and, as he is informed and believes and therefore alleges, he is reasonably certain to incur such medical, therapeutic, and other medically related expenses in the future, all in an amount to be established by the evidence at trial.

WHEREFORE, Plaintiff Derek Hamilton prays for judgment against the Defendants for compensatory damages; for medical, psychological, and therapeutic expenses incurred and for such expenses reasonably certain to be incurred in the future, for punitive damages, for his pain and suffering, loss of enjoyment of life, loss of household services, for prejudgment interest as may be proper and for such other and further relief as the Court may deem proper.

Respectfully submitted,

DAVIS ACUÑA LAW FIRM

By: ___/s/ Mark Anthony Acuña___
MARK ANTHONY ACUÑA
NM State Bar No. 6561
ATTORNEY FOR PLAINTIFF,
DEREK HAMILTON
5710 IH-10 West
San Antonio, Texas 78201
Telephone: (210) 734-3599
Facsimile:  (210) 785-0806
marka@jeffdavislawfirm.com