IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEREK HAMILTON, an individual,

    Plaintiff,

v.                                                        Case No. 1:13-cv-00018 WP/CG

MICHAEL ALLEN, an individual, and
PRICE TRUCK LINE, INC., a foreign corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Portions of Plaintiff's Complaint, filed April 17, 2013 (**Doc. 28**). Having reviewed the parties' briefs and applicable law, I find that Plaintiff has stated a claim upon which relief can be granted. Accordingly, Defendants' motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure is DENIED.

### BACKGROUND

On January 31, 2011, Plaintiff Derek Hamilton was driving southbound on Interstate 25, near Las Vegas, New Mexico. It was snowing and I-25 was snow packed and icy. Plaintiff observed a vehicle stopped in front of him, slowed down, and moved his truck towards the median. Driving behind Plaintiff was Defendant Michael Allen in a semi-truck with trailer. Defendant Allen tried to drive around, but struck Plaintiff's vehicle. Defendant Price Truck Line owned the truck driven by Defendant Allen.

Based on diversity of citizenship, Plaintiff filed suit in the U.S. District Court for the District of New Mexico seeking compensatory and punitive damages. Defendants filed a motion

1

to dismiss portions of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has no good faith basis or evidentiary support as required by Rule 11 of the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief can be granted." In asserting a claim, Plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do". *Id* . at 555.

Rule 11 requires an attorney to certify that the factual contentions within the complaint have evidentiary support or will likely have evidentiary support after discovery. Fed. R. Civ. P. 11(b)(3). A motion for Rule 11 Sanctions must be made separately from another motion and must not be filed or presented to the court if the claim is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. Fed. R. Civ. P. 11(c)(2). The Court can also raise a Rule 11 violation on its own initiative and order a party to show cause why certain conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3).

Dismissal under Rule 11 can be ordered "for a party's failure to conduct a reasonable inquiry into the facts and law prior to filing, or when a filing is frivolous, without factual foundation, or brought for an improper purpose." *Gemisys Corp. v. Phoenix American, Inc.*, 186 F.R.D., 551, 556 (N.D. Cal. 1999).

**ANALYSIS**

Under the *Twombly* standard, Plaintiff's claim only has to be plausible on its face to survive a 12(b)(6) motion. Rule 11's requirement of evidentiary support does not affect the 12(b)(6) analysis. A 12(b)(6) motion will be denied so long as Plaintiff states a claim upon which relief can be granted. Defendants argue that the Uniform Accident Report does not cite Defendant Allen for negligence, and therefore, there could not have been negligent entrustment on the part of Defendant Price Truck Line. A police report's omission of citation, however, is not dispositive. Even when a police report explicitly names the cause of the accident, it does not settle the issue. Nothing in the police report precludes the plausibility of Plaintiff's claim.

As for the Rule 11 violations raised by Defendants, the Court notes the procedural failure to file a separate motion as required by Rule 11(c)(2). Even if Defendants had followed the procedural requirements, Rule 11 sanctions would not be appropriate, because the Court finds that Plaintiff's counsel adequately investigated the claims before filing the complaint. An accident occurred in which Defendant's vehicle struck Plaintiff's vehicle. Defendant Truck Price Line owned Defendant Allen's vehicle and entrusted it to Defendant Allen. Plaintiff's attorney interviewed the Plaintiff, reviewed photographs and documents, including the Uniform Accident Report, and researched Defendant Price Truck Line's business relationship with Defendant Allen. These actions sufficiently provided Plaintiff's attorney with a good faith basis upon which to assert the claim of negligent entrustment. Further, the facts in the complaint are sufficient to plead a plausible claim of negligent entrustment. Plausibility, not probability, is the test for dismissal. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Defendants' Motion to Dismiss Portions of Plaintiff's Complaint (Doc. **28**) is DENIED.

**SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**