## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DEREK HAMILTON,

       Plaintiff,

    v.                               Civ. No. 13-18  SMV/KK

MICHAEL ALLEN *et al.*,

       Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS
## DEREK HAMILTON'S COMPLAINT FOR DISCOVERY ABUSE

THIS MATTER is before the Court on Defendants' Motion and Memorandum Brief in Support of Their Motion to Dismiss Derek Hamilton's Complaint for Discovery Abuse (Doc. 51), filed June 18, 2013.  At issue is whether the Court should dismiss Plaintiff's complaint to sanction him for allegedly committing perjury during discovery.  Having carefully reviewed the parties' submissions and considered the legal bases for Defendants' motion, the Court finds that dismissal of this action is inappropriate and the motion is therefore DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2013, Plaintiff Derek Hamilton filed a complaint for personal injuries against Defendants Michael Allen and Price Truck Line, Inc.  (Doc. 1.)  Defendants answered Plaintiff's complaint on February 8, 2013.  (Doc. 9.)  The parties' dispute involves an accident on Interstate 25 on January 31, 2011, in which Defendant Allen's commercial vehicle struck the commercial vehicle Plaintiff was driving. (Doc. 1 at 2; Doc. 51 at 1.)  Plaintiff contends that Defendants' negligence caused the accident, while Defendants contend that it was the result of a third stalled vehicle on the highway.  (*Id.*)  It is undisputed that the road conditions that day were

snow-packed and icy.  (*Id.*)  Plaintiff alleges that the accident caused substantial damages to his truck and trailer, and caused him bodily injury including a fractured right ankle and damage to his spine. (Doc. 1 at 5.)  Plaintiff seeks compensatory, special, and punitive damages.  (*Id.* at 6.)

On March 27, 2013, the Court entered a Scheduling Order (Doc. 20) establishing case management and discovery deadlines, and discovery proceeded.  Defendants served written discovery requests on Plaintiff, to which Plaintiff timely responded, and on May 16, 2013, Defendants deposed Plaintiff.  (Doc. 51-2.)  On June 18, 2013, Defendants filed the motion at issue, requesting dismissal of this action as a sanction for Plaintiff having allegedly perjured himself in written discovery responses and at his deposition. (Doc. 51 at 1.)  Specifically, Defendants allege that Plaintiff intentionally lied when he:  (1) denied prior injuries from a work-related accident in 2008, including a back injury "with symptoms identical to the ones he claims as a result of the accident with Defendants"; and, (2) denied making a workers' compensation claim as a result of those injuries.  (*Id.* at 2, 6.)  Defendants assert that Plaintiff's alleged dishonesty was "designed to deceive [them], inflate any jury award, gain an unfair advantage, and commit a fraud upon this Court."  (*Id.* at 3.)   Defendants further assert that they have been denied the opportunity to conduct discovery into Plaintiff's prior injuries because of Plaintiff's alleged deception, thereby causing them prejudice.  (*Id.* at 7.)

On July 12, 2013, Plaintiff filed a response to Defendants' motion, in which he denied any intent to deceive Defendants, and claimed that he did not disclose a prior back injury because he did not consider the injury serious enough to warrant disclosure.  (Doc. 60-1 ¶¶ 7-9.)  Plaintiff asserts that, because he provided Defendants with a release allowing them to obtain records related to his past and present physical condition and medical treatment, which they used to obtain records pertaining to the 2008 accident, Defendants have suffered no prejudice.  (Doc.

60 at 2, 5-6.)   As such, Plaintiff argues that dismissal of his complaint is excessive and unwarranted.   While the Court is unimpressed with Plaintiff's explanation for his failure to disclose complete and accurate information in discovery, the Court agrees that the extreme sanction of dismissal would be excessive and is not warranted at this time.

## LEGAL STANDARDS

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (*quoting United States v. Hudson,* 7 Cranch 32, 34, 3 L. Ed. 259 (1812)); *see also Smith v. N.W. Fin. Acceptance, Inc.,* 129 F.3d 1408, 1419 (10th Cir. 1997). "For this reason, '[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Id.*   (*quoting Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (*quoting Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)).   "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. Among the courts' inherent powers is the authority to impose sanctions when a party has perjured himself during discovery.  *Archibeque v. Atchison, Topeka, & Santa Fe Rwy. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995).  A court exercising its inherent powers has a broad range of sanctions available to it, including outright dismissal of a lawsuit and/or an assessment of attorney's fees. *See Chambers*, 501 U.S. at 45.  However, "inherent powers must be exercised with restraint and discretion," *id.* at 44, and because "dismissal is such a harsh

3

sanction, it is appropriate only in cases of willfulness, bad faith, or some fault of petitioner."
*Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (internal quotations and citations omitted); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976).

The Tenth Circuit has articulated several factors that may inform the district court's discretion in determining whether dismissal of an action is an appropriate sanction:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).[1]  "This list is not exhaustive, nor are the factors necessarily equiponderant."  *Chavez,* 402 F.3d at 1044.

The Federal Rules of Civil Procedure also provide various means for the district courts to sanction attorneys and parties for inappropriate conduct.  *See* Fed. R. Civ. P. 11, 26(g)(3), 37. Federal Rule of Civil Procedure 37, for example, governs the imposition of sanctions against parties for enumerated discovery abuses.  However, although Defendants cite Rule 37(b) as a basis for sanctions, Rule 37 does not apply here, because the alleged misconduct does not involve failure to comply with a discovery order, Fed. R. Civ. P. 37(b), or to make initial or expert disclosures, Fed. R. Civ. P. 37(c).  Had Defendants successfully filed a motion to compel Plaintiff to respond to discovery requests pursuant to Rule 37(a), and had Plaintiff thereafter violated an order compelling him to provide complete and accurate responses, Rule 37(b) could provide a basis for dismissal.  That circumstance has not occurred here.  In any event, it is clear

---

[1] While *Ehrenhaus* involved sanctions under Federal Rule of Civil Procedure 37, the Tenth Circuit has also adopted its analysis as a guide for the imposition of sanctions pursuant to the courts' inherent powers.  *See Chavez*, 402 F.3d at 1044.

that the Court may dismiss a case as a sanction when appropriate using the inherent powers discussed above.

## DISCUSSION

In support of their argument that Plaintiff lied in denying prior injuries, Defendants submitted portions of medical records demonstrating that Plaintiff received treatment following the 2008 accident for what appear to be at least minor injuries. (Doc. 51-3.) It is unclear from the attached records whether the symptoms for which Plaintiff was treated in 2008 are in fact "identical" to those claimed in the present case, as Defendants allege. (Doc. 51 at 2.) However, one of the prior injuries is, at a minimum, to the same body part as an injury Plaintiff claims in this case, *i.e.*, the lower back, and false statements regarding prior injury to the lower back are therefore material.

In response to Defendants' allegation that he perjured himself regarding his prior injuries, Plaintiff denies that his failure to disclose these injuries amounts to perjury. He insists that he intended to be truthful, that he disclosed the 2008 motor vehicle accident in discovery, and that he did not admit to being injured as a result of that accident because he "did not feel that he was injured." (Doc. 60 at 4.) Nevertheless, in his response to Defendants' motion, and in the face of medical records demonstrating as much, Plaintiff now admits that following the 2008 accident he was "examined by and received limited treatment . . . for a bruised shoulder and muscle stiffness to [his] back." (Doc. 60-1 ¶ 2.) Plaintiff explains that two weeks after the accident, he was released to return to work. (*Id.*)

Regarding Defendants' allegation that Plaintiff also committed perjury when he denied having made a workers' compensation claim as a result of the 2008 accident, Defendants have failed to attach any evidence that Plaintiff made such a claim. (Doc. 51 at 2-3.) In his response,

5

Plaintiff stands by his discovery denial, stating that he "never filed a worker[s'] compensation claim following the 2008 accident, nor did he receive income benefits from worker[s'] compensation following the 2008 accident." (Doc. 60 at 4.)  Because Defendants have failed to demonstrate that Plaintiff was dishonest on this point, the Court declines to impose sanctions on this basis.

While Plaintiff did in fact deny injuries that he now admits resulted from the 2008 accident, the Court is not convinced that his error warrants the extreme sanction of dismissal in light of the *Erenhaus* factors.  Regarding the first and second factors, providing inaccurate discovery responses inherently prejudices Defendants and interferes with the judicial process to some degree.  *Chavez*, 402 F.3d at 1044.  However, because the inaccuracy was discovered when Defendants obtained medical records related to the prior injuries, at least three (3) months before discovery closed, the prejudice and interference here are not substantial.  Defendants had ample time to conduct additional discovery regarding the prior injuries.  To the extent that Plaintiff's inaccurate responses require Defendants to re-depose him or any other witnesses, his conduct will cause some delay and additional expense.  However, this matter has not been scheduled for trial, and additional depositions will be limited to Plaintiff's previously undisclosed injuries; as such, the delay and expense are not of such magnitude that dismissal is warranted.  Moreover, Defendants are unlikely to suffer any prejudice at trial.  They have Plaintiff's 2008 medical records, and may cross-examine Plaintiff regarding inconsistencies between these records and his sworn statements, thus allowing a jury to evaluate Plaintiff's credibility.  *Allen v. Wal-Mart Stores, Inc*., 241 F.3d 1293, 1297 (10th Cir. 2001) ("The weighing of evidence, the reconciliation of inconsistent testimony, and the assessment of a witness' credibility is solely within the province of the jury.").

6

The next factor to be considered under *Erenhaus* is Plaintiff's culpability.  *Chavez*, 402 F.3d at 1044.  The Court finds, as noted above, that Plaintiff provided incomplete, inaccurate discovery responses regarding his prior injuries.  There is, however, some question as to how deliberate Plaintiff's improper responses were.  The prior injuries occurred over five (5) years ago, and do not appear to have been serious or of long duration.  They were revealed by records Defendants obtained using a medical records release Plaintiff provided.  They appear to be the only subject on which Plaintiff has provided materially inaccurate, incomplete discovery responses at this time.  For these reasons, the Court finds that Plaintiff provided his improper discovery responses carelessly but without a conscious intent to deceive or defraud Defendants.  Should it come to the Court's attention that Plaintiff has continued to provide materially inaccurate or incomplete discovery responses in the future, the Court will reassess Plaintiff's culpability.

Defendants concede that the next *Erenhaus* factor, *i.e.*, whether the Court warned Plaintiff in advance that dismissal would be a likely sanction, *Chavez*, 402 F.3d at 1044, weighs against them.  (Doc. 63 at 5.)  The Court has issued no such warning to date.  At this time, however, the Court admonishes Plaintiff to provide scrupulously honest and painstakingly complete discovery responses and testimony in the future.   Plaintiff should respond to Defendants' discovery requests and deposition questions with great concern for the whole truth, and great caution where he has any reason to doubt his own recollection, not only to deal fairly with Defendants and this Court, but also to preserve his ability to pursue this case.  The Court takes this opportunity to warn Plaintiff that if he provides materially incomplete or inaccurate discovery responses or deposition testimony again, dismissal will be a likely sanction for the continued discovery abuse.

The final *Erenhaus* factor the Court must consider is the efficacy of lesser sanctions. *Chavez*, 402 F.3d at 1044. The Court finds that lesser sanctions than dismissal will be effective in this instance. The Court declines to impose the lesser sanction Defendants suggest, namely, prohibiting Plaintiff from offering evidence regarding his lower back injuries at trial, because this sanction is, like dismissal, too blunt and severe. (Doc. 63 at 6.) Instead, the Court will fashion a lesser remedy designed to redress any prejudice to Defendants, preserve the integrity of the judicial process, and communicate to Plaintiff the gravity of his error. Specifically, the Court will order Plaintiff to supplement his discovery responses to Defendants to include complete and accurate information regarding any and all prior injuries he sustained as a result of the 2008 accident. The Court will also order Plaintiff to make himself available to Defendants to be re-deposed on the subject of these prior injuries. Plaintiff will bear all of the expenses associated with this deposition, including the court reporter's charges and Defendants' reasonable attorney's fees incurred in taking the deposition.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion and Memorandum Brief in Support of Their Motion to Dismiss Derek Hamilton's Complaint for Discovery Abuse (Doc. 51) is not well taken and is DENIED. If Plaintiff has not already done so, he is hereby ordered to supplement his discovery responses to Defendants to include complete and accurate information regarding any and all prior injuries including those he sustained as a result of the 2008 accident no later than **November 20, 2014**. Plaintiff is further ordered to make himself available to Defendants to be re-deposed on the subject of his prior injuries, and to bear all of the reasonable expenses associated with this deposition. Within thirty (30) days of re-deposing Plaintiff, Defendants are ordered to submit to the Court complete documentation of the costs and

fees they have incurred in re-deposing Plaintiff, including attorneys' affidavits, attorneys' timesheets, and invoices for the court reporter's charges, so that the Court can determine the precise amount of the expenses Plaintiff will be ordered to bear.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE